1  Daniel B. Beck, SBN 63865
   Evan Livingstone, SBN 252008
2  Beck Law P.C.
   2681 Cleveland Avenue
3  Santa Rosa CA 95403
   Phone: 707-576-7175
4  Fax: 707-576-1878

5  Email: evanlivingstone@sbcglobal.net

6  Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No.10-11995 |
|---|---|
| Charles Denis Downie and Lydia Downie | Chapter 13 |
|     Debtors(s) _____/ | MOTION FOR ORDER DETERMINING VALUE OF SECURED CLAIM AND FOR ORDER AVOIDING LIEN; DECLARATION OF DEBTOR |
|  | Hearing:<br>Date:  August 23, 2010<br>Time:  1:30 PM<br>Place:  99 E Street, Santa Rosa, CA |

To: CitiFinancial Services, Inc.

    Charles Denis Downie and Lydia Downie, Debtor(s) herein, hereby move the Court for an order determining the value of the secured claim of CitiFinancial Services, Inc.("Second Junior Lienholder") and for an order avoiding the third priority lien of Second Junior Lienholder.

Debtor(s) represent:

    1. This Chapter 13 case was commenced by voluntary petition on May 26, 2010..

    2. Debtor(s) are the owners of real property located at 10133 Fairway Dr , Kelseyville, CA 95451 (APN: 043-573-22) (hereinafter the "Real Property").

3. On or about 3/01/04, Debtors borrowed a sum of money from Dp Vet Affairs ("Senior Lienholder"). In exchange, debtors gave the lender a Promissory Note with loan number 934328 and granted it a first priority security interest in the Real Property which was recorded as a first Deed of Trust. As of filing, the balance owed under the Note to the Senior Lienholder is approximately $178,328.46.

4. On or about 11/01/07, Debtors borrowed an additional sum from Dp Vet Affairs ("Senior Lienholder"). In exchange, debtor(s) gave Senior Lienholder a Promissory Note with Loan No. 970512, paragraph 11 of which provides that this note is part of the original note No. 934328 and therefore can be enforced by the first priority security interest held by Dp Vet Affairs. At the time of the filing of the petition the amount owed on this debt was $70,740.65.

5. On or about 7/07/06, Debtors borrowed an additional sum of money from American General Financial Services ("First Junior Lienholder"). In exchange, debtors gave the First Junior Lienholder a Promissory Note with Loan No. 7062569000667204 and granted it a second priority security interest in the Real Property which was recorded as a first Deed of Trust which was recorded as a Deed of Trust in the Lake County Recorder's Office on 7/12/2006, as Instrument No. 2006018294. At the time of the filing of the petition, the balance owed under the note to the First Junior Lienholder is approximately $44,786.63.

6. On or about 8/11/07, Debtors borrowed an additional sum from CitiFinancial Services, Inc ("Second Junior Lienholder"). In exchange, debtor(s) gave Second Junior Lienholder a Promissory Note with Loan No. 6070521737102632 and granted it a third priority security interest in the Real Property, which was recorded as a Deed of Trust in the Lake County Recorder's Office on 8/15/2007, as Instrument No. 2007018931. At the time of the filing of the petition the amount owed under this note to the Second Junior Lienholder was $12,096.77.

//

7. Debtors are informed and believe, based upon sales and comparable properties in the same area, that the current value of the Real Property is $200,000 or less.

8. The second priority claim of First Junior Lienholder is wholly unsecured pursuant to Section 506(a) because the value of the Real Property is less than the balance owed under the first priority Note and Deed of Trust. 11 U.S.C. § 506(a). As such, the second priority lien of First Junior Lienholder is subject to avoidance upon Debtor(s)' successful completion of their Chapter 13 Plan. 11 U.S.C. § 1322(b)(2).

9. The third priority claim of Second Junior Lienholder is wholly unsecured pursuant to Section 506(a) because the value of the Real Property is less than the balance owed under the first priority Note and Deed of Trust. 11 U.S.C. § 506(a). As such, the third priority lien of Second Junior Lienholder is subject to avoidance upon Debtor(s)' successful completion of their Chapter 13 Plan. 11 U.S.C. § 1322(b)(2).

WHEREFORE, Debtors request that the Court enter an order disallowing the secured claim of CitiFinancial Services, Inc. and for an order avoiding the lien of CitiFinancial Services, Inc. and requiring CitiFinancial Services, Inc. to convey the deed of trust securing that lien back to debtors upon completion of the debtors Chapter 13 Plan and bankruptcy discharge.

Date: July 22, 2010          BECK LAW P.C.

                                     /s/ Dan B. Beck
                              by: Dan B Beck
                              Attorneys for Debtor(s)

# DECLARATION OF CHARLES DOWNIE

I, CHARLES DOWNIE am the debtor described in the above motion. Based on my personal knowledge and my examination of the documents described above I declare under penalty of perjury that the facts described in the above motion are true and correct to the best of my knowledge information and belief.

Date: July 22, 2010

                                    /s/ Charles Downie
                                    Charles Downie