ROBERT D. WILSON (SBN 136736)
Deputy Secretary and Chief Counsel
California Department of Veterans Affairs
1227 "O" Street, Room 306
Sacramento, California 95814
Telephone: (916) 653-2539
Facsimile: (916) 653-2454

Attorney for Creditor
CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In the Matter of<br><br>CHARLES DENIS DOWNIE and<br>LYDIA DOWNIE,<br><br>Debtors. | Case No. 10-11995<br>Chapter 13<br><br>CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS' OBJECTION TO THE AMENDED CHAPTER 13 PLAN DATED DECEMBER 15, 2010<br><br>Date: January 26, 2011<br>Time: 10:00 a.m.<br>Place: 99 E Street, Santa Rosa, CA<br>Judge: Honorable Alan Jaroslovsky<br><br>Petition Filed: May 26, 2010 |

The California Department of Veterans Affairs ("CDVA" or "Department") hereby objects to the confirmation of Debtors' Amended Chapter 13 Plan dated December 15, 2010.

## INTRODUCTION

On November 29, 2010, the CDVA objected to Debtors' 7/22/10 Chapter 13 Plan. Docket No. 37. Subsequently, on or about December 3, 2010, Debtors amended their Chapter 13 Plan to account for the new appraisal of their primary residence located at 10133 Fairway Drive, Kelseyville, California 95451 ("subject property"). The subject property was appraised at $120,000. Docket Nos. 38-40, Declaration of Puppo. For this reason, Debtors' 12/3/10 Amended Chapter 13 Plan (Docket No. 43) only listed one lien secured by Debtors' primary residence—CalVet Loan No. 934328.

-1-

CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS' OBJECTION TO
THE AMENDED CHAPTER 13 PLAN DATED DECEMBER 15, 2010
Case No. 10-11995

Case: 10-11995    Doc# 46    Filed: 12/29/10    Entered: 12/29/10 15:04:10    Page 1 of 3

Debtors' junior liens are completely unsecured based on the appraisal and should be stripped. However, the 12/3/10 Plan did not sufficiently take into consideration the stripping of the junior liens on payments to unsecured claims.

On or about December 15, 2010, Debtors again amended their Chapter 13 Plan (hereinafter the "12/15/10 Plan"). Docket No. 45. In the 12/15/10 Plan, Debtors slightly increased their overall plan payments. However, the stripping of the junior liens should have increased their overall plan payments by significantly more. Thus, the 12/15/10 Plan again does not sufficiently account for the stripped junior liens and for this reason, the CDVA objects to the 12/15/10 Chapter 13 Plan (Docket No. 45).

## OBJECTIONS TO PLAN

A.  **The 12/15/10 Plan Does Not Apply All Projected Disposable Income to Unsecured Claims**

Under 11 U.S.C. section 1325(b)(1)(B), a Chapter 13 plan must provide that "all of the debtor's projected disposable income… will be applied to make payments to unsecured creditors under the plan." The 12/15/10 Plan does not reflect the additional disposable income Debtors would have after stripping the junior liens.

Debtors moved to strip the Department's home improvement loan, CalVet Loan No. 970512 (the CDVA's second loan with Debtors). Docket No. 27. Since the value of the subject property is only $120,000, this loan is entirely unsecured. This value also means that Creditor American General Finance's junior lien is completely unsecured. Since the junior liens can be stripped, this means that Debtors' mortgage payment is now just $1,159.69 per month. Docket No. 43, p. 2. However, the 12/15/10 Plan does not reflect the decrease in Debtors' mortgage payments due to the stripping of the junior liens.

Debtors' 7/22/10 Chapter 13 Plan stated that Debtors would make sixty (60) payments of $631.00. Docket No. 20, p. 1. In coming to this payment amount, the 7/22/10 Plan factored in a combined mortgage payment of $1,829.69 per month. Docket No. 20, p. 2. As noted above, Debtors' mortgage payment is significantly lower with the stripping of the junior liens. The mortgage payment is now $1,159.69 per month or $670.00 less than the amount considered in the 7/22/10 Plan when the junior liens were not stripped. However, the 12/15/10 Chapter 13 Plan does not account for this $670

-2-
CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS' OBJECTION TO
THE AMENDED CHAPTER 13 PLAN DATED DECEMBER 15, 2010
Case No. 10-11995

Case: 10-11995    Doc# 46    Filed: 12/29/10    Entered: 12/29/10 15:04:10    Page 2 of 3

per month increase in disposable income.

Debtors want to make six (6) payments of $601 and fifty-four (54) payments of $750 under the 12/15/10 Plan. This averages to payments of $735.40 per month under the 12/15/10 Plan. This is an increase of just $104.40 per month compared to the payments stated in the 7/22/10 Plan. However, with the stripped liens, Debtors should now be able to pay $670 more per month than stated in the 7/22/10 Plan. The 12/15/10 Plan should now reflect sixty (60) payments of $1,301 per month. The 12/15/10 Plan does not reflect this increase and Debtors have not explained why they have not committed the extra $670 per month of savings from the stripping of the junior liens in their most recent Chapter 13 Plan.

It appears that Debtors, through their 12/15/10 Plan, are not applying all their projected disposable income to their unsecured claims. Thus, the 12/15/10 Chapter 13 plan should not be confirmed pursuant to 11 U.S.C. section 1325(b)(1)(B).

Dated: December 29, 2010          Respectfully submitted,

          ROBERT D. WILSON
          Deputy Secretary and Chief Counsel
          CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS


By_____/s/ Robert D. Wilson_____
       ROBERT D. WILSON, Chief Counsel
       Attorney for Creditor
       The California Department of Veterans Affairs

-3-

CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS' OBJECTION TO
THE AMENDED CHAPTER 13 PLAN DATED DECEMBER 15, 2010
Case No. 10-11995

Case: 10-11995   Doc# 46   Filed: 12/29/10   Entered: 12/29/10 15:04:10   Page 3 of 3